# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **THE CLEMENT GROUP, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ETD SERVICES, LLC D/B/A THE** )<br>**DAVITZ GROUP;** )<br>**E. EARL DAVIS, II;** )<br>**TARA DAVIS,** )<br>)<br>**Defendants.** ) | Case No. _____ |

## PLAINTIFF'S COMPLAINT

1. Plaintiff, the Clement Group, LLC ("Clement"), is bringing this action against ETD Services, LLC d/b/a the Davitz Group ("ETD"), E. Earl Davis, II ("Earl Davis"), and Tara Davis ("Tara Davis," collectively "Defendants"), asserting causes of action for breach of contract, breach of fiduciary duty, defamation, conversion, unjust enrichment, and fraud.

2. Clement is seeking damages arising out of ETD's failure to comply with the terms of the ETD – TCG, LLC joint venture agreement ("JVA") entered into by Clement and ETD, and out of the unauthorized use of joint venture funds by Earl Davis and Tara Davis, which use amounts to theft and conversion under Texas law. In support of the damages that Clement has incurred, Clement provides the following statements of fact:

1

## PARTIES

3. Clement is an Alabama-based limited liability company with its principal place of business in Montgomery, Alabama.

4. ETD is a Texas-based limited liability company with its principal place of business in McKinney, Texas. Earl Davis is a registered agent for ETD, and the listed address for service of process is 17330 Preston Road, Suite 230C, Dallas, TX 75252.

5. Earl Davis is an individual over the age of 21 who, upon information and belief, resides in McKinney, Texas. Earl Davis's address for service of process is 1712 Pecan Valley Drive, McKinney, TX 75070.

6. Tara Davis is an individual over the age of 21, who, upon information and belief, resides in McKinney, Texas. Tara Davis's address for service of process is 1712 Pecan Valley Drive, McKinney, TX 75070.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States ....

8. For jurisdiction to be proper under 28 U.S.C. § 1332, Clement must not be a citizen of the same state as any of the Defendants. *See* 28 U.S.C. § 1332(a)(1).

9. Clement is an Alabama citizen as Clement is an Alabama-based LLC whose members are all citizens of Alabama.

10. ETD is a Texas citizen as ETD is a Texas-based LLC whose sole member, Earl Davis, is a citizen of Texas.

11. Both Earl Davis and Tara Davis reside in and are citizens of Texas.

12. As such, there is complete diversity.

13. The amount in controversy is met. Clement seeks well over $2,000,000 that ETD wrongfully withdrew from the bank account of the ETD – TCG, LLC joint venture.

14. Personal jurisdiction over Defendants is proper because ETD's principal place of business is in Collin County, Texas, and Earl Davis and Tara Davis, upon information and belief, both work and reside in Collin County, Texas.

15. Venue is proper in this District because ETD's principal place of business is in Collin County, Texas, and Earl Davis and Tara Davis, upon information and belief, both work and reside in Collin County, Texas. Pursuant to 28 U.S.C. § 124, the Eastern District, Sherman Division embraces Collin County, Texas.

16. Clement brings its claims solely under Texas law.

## **FACTUAL ALLEGATIONS**

17. On May 3, 2013, Clement agreed to partner with ETD as part of the U.S. Small Business Association's ("SBA") Mentor/Protégé Program established pursuant to 13 C.F.R. § 124.520. The protégé, ETD, sought to gain business insight based upon Clement's, the mentor's, experience in providing contracting services to multiple federal government agencies, particularly in construction and renovation projects on military installations. The Mentor/Protégé relationship allowed joint ventures between Clement and ETD to bid for federal contracts for which Clement otherwise would not have been eligible due to its other than small [business] size, and ETD otherwise would not have been eligible due to its lack of experience and poor financial standing. A true and correct copy of the Mentor/Protégé Agreement is attached at **Exhibit A**.

18. As part of this relationship, SBA regulations require that Clement provide ETD with business guidance and thereby assist with ETD's growth and development. Clement fulfilled this responsibility on multiple occasions, even going so far as to assist ETD with its operational cash flow needs when ETD was unable to receive traditional loans due to various debt and negative equity issues.

19. In May 2014, ETD and Clement formed a joint venture known as ETD – TCG, LLC.

20. To define the means by which the ETD – TCG, LLC joint venture would operate, Clement and ETD entered into a Joint Venture Agreement ("JVA") on July 17, 2014 to provide various construction services for the U.S. Army Corp of Engineers ("USACE"), Norfolk District. A true and correct copy of the July 17, 2014 JVA is attached as **Exhibit B**.

21. The SBA reviewed and approved the JVA.

22. On August 12, 2014 and December 18, 2014 Clement and ETD, once again operating as the ETD – TCG, LLC joint venture, entered into two addenda to the JVA to provide construction services for the USACE, Mobile District. True and correct copies of the August 12, 2014 and December 18, 2014 addenda are attached as **Exhibits C** and **D**, respectively.

23. On January 20, 2015, Clement and ETD entered into a final addendum to the JVA to provide design-build construction services to the USACE, Louisville District. A true and correct copy of the January 20, 2015 addendum is attached as **Exhibit E**.

24. The SBA reviewed and approved all three addenda to the JVA.

25. Despite the clear contractual obligations created by the JVA and its addenda, Defendants have repeatedly acted in violation of the JVA's provisions.

26. The JVA specifies that the net operating income and operating losses of the ETD – TCG, LLC joint venture are to be allocated between Clement and ETD based on the proportion of each entity's ownership interests. (*E.g.*, **Exhibit B**, ¶ 3.0). Clement holds a 49% ownership interest in the ETD – TCG, LLC joint venture, and ETD holds the other 51%. (*Id.*, ¶ 4.0).

27. Clement has repeatedly told Defendants that net income and net losses cannot be determined until after completion of a project—after all subcontractors, suppliers, vendors, and other financial obligations of the joint venture have been paid, and after all reimbursable costs expended by ETD and Clement have been reimbursed.

28. Rather than using the joint venture funds to pay subcontractors, suppliers, vendors, and to satisfy other joint venture obligations, Defendants have made multiple unauthorized withdrawals of joint venture funds prior to the proper determination of net income or net loss.

29. The JVA requires the establishment of an operating account for the deposit and management of operating capital for the joint venture.


30. The July 17, 2014 JVA required that a representative from both Clement and ETD must sign to make withdrawals from the joint venture account. (**Exhibit B**, ¶ 5.0). SBA regulation 13 C.F.R. § 124.513(c)(5) also requires signatures from all parties to the joint venture or their designees for withdrawals from the joint venture account, stating:

> Every joint venture agreement to perform an 8(a) contract, including those between mentors and protégés authorized by § 124.520, must contain a provision: providing for the establishment and administration of a special bank account in the name of the joint venture. This account must require the signature of all parties to the joint venture or designees for withdrawal purposes. All payments due to joint venture for performance of an 8(a) contract will be deposited in the special account; all expenses incurred under the contract will be paid from the account as well.

*Id.*

31. As Managing Member of the joint venture, ETD was responsible for opening the joint venture operating account, which it opened at PlainsCapital Bank in Texas. ETD misled Clement to believe that it had opened the account in accordance with the governing SBA rules and regulations, as well as the July 17, 2014 JVA. Instead, Earl Davis, in violation of both SBA regulation 13 C.F.R. § 124.513(c)(5) and the July 17, 2014 JVA, opened the account so that only his signature was required for withdrawals.

32. Clement did not learn of ETD's failure to comply with the two-signature requirement in the joint venture operating account until January 21, 2016,

when Clement discovered that ETD had withdrawn $300,000 from the operating account of the joint venture with no prior notice to or discussion with Clement. Clement repeatedly asked Defendants to return the improperly withdrawn amount and to modify the account to comply with the two-signature requirement. Defendants ignored every one of Clement's requests. A true and correct copy of the January 21, 2016 check effecting this withdrawal is attached as **Exhibit F**.

33. This withdrawal violated the JVA. Clement immediately demanded that Defendants return this money. Defendants refused to return the money.

34. Instead, Defendants demanded that Clement (a) take over completion of the joint venture work in progress, and (b) agree to allow ETD to take an early distribution of profits to provide cash flow and capital to ETD to pursue other work, as well as providing cash for Earl Davis and Tara Davis to purchase a new family home.

35. Faced with the obligation of completing the joint venture work then in progress and wanting to avoid a protracted dispute with Defendants, Clement agreed under duress to allow ETD to keep: (a) $150,000 as an early—and final—distribution of profits; (b) $50,000 as an early distribution of payment for ETD's overhead and expenses; and, (c) $50,000 as a loan from Clement to ETD. ETD was required to repay the remainder of the improperly withdrawn amount to the joint

8

venture operating account and Earl Davis promised not to make any further unauthorized withdrawals.

36. Despite Earl Davis's express promise not to make further unauthorized withdrawals, Defendants continued to make additional wrongful withdrawals from the joint venture operating account.

37. On April 11, 2016, ETD wrote itself another check for $50,000 from the operating account of the ETD – TCG, LLC joint venture. ETD stated that the money was a "2015 Tax Distribution." To Clement's knowledge, ETD – TCG, LLC had no tax liability at that time. Clement did not approve of this withdrawal, and specifically objected to this action, in writing, demanding that Defendants immediately return the funds to the joint venture operating account. A true and correct copy of the April 11, 2016 check effecting this withdrawal is attached as **Exhibit G**.

38. On May 31, 2016, Defendants sent a letter to representatives of, among others, the SBA, the USACE, and Travelers Insurance Company accusing Clement of violating the JVA and intentionally engaging in a "damaging campaign" to undermine ETD's reputation and business relationships with multiple entities. A true and correct copy of the May 31, 2016 letter is attached as **Exhibit H.**

39. On June 20, 2016, ETD withdrew all remaining funds—$2,063,691.84—from the joint venture operating account with no prior discussion or approval from Clement. Defendants claimed that this withdrawal was a "Distribution per JVA." A true and correct copy of the June 20, 2016 check effecting this withdrawal is attached as **Exhibit I**.

40. There is no provision in the JVA for a "distribution" of all funds from the joint venture operating account while projects remain ongoing and subcontractors and suppliers remain unpaid.

41. ETD – TCG, LLC received multiple payment applications for work performed and completed by subcontractors to ETD – TCG, LLC. These payment applications were properly supported and were for work actually performed and completed. As manager of the joint venture, ETD reviewed and approved these payment applications or delegated the authority to do so, and included the amounts requested in these payment applications in the joint venture's progress billings to the USACE. The project owner reviewed and approved the progress billings and then paid the joint venture. ETD then refused to pay ETD – TCG, LLC's subcontractors from these funds, which is in violation of the project subcontracts and applicable law.

42. Furthermore, ETD improperly certified to the U.S. Government that all subcontractors had been paid or would be paid from funds paid by the U.S.

Government into the joint venture operating account. Such statements were false. Defendants refused to authorize the joint venture to pay certain of these subcontractors.

43. Defendants' unauthorized withdrawals and retention of the joint venture's funds are in clear violation of the JVA.

44. To perform some of its work, the joint venture entered into subcontracts including subcontracts with Clement. On June 23, 2016, and July 5, 2016, with no prior discussion with or notice to Clement, Earl Davis sent a letter purporting to terminate the subcontracts between ETD – TCG, LLC and Clement. A true and correct copy of one of the subcontracts entered into between ETD – TCG, LLC and Clement is attached as **Exhibit J**.[1]

45. These combined actions resulted in subcontractors not receiving payment and left no entity under contract to complete this work, placing the joint venture at great risk of defaulting on multiple federal government contracts. As a result, on July 11, 2016, and July 21, 2016, the USACE sent the ETD-TCG, LLC joint venture Cure Notices, threatening to terminate multiple government contracts for default unless the joint venture cured the conditions endangering performance—i.e. any potential halt of work due to lack of payment to subcontractors and suppliers.

---

[1] All of the subcontracts entered into between ETD –TCG, LLC and Clement contain identical terms; therefore, only one such subcontract is attached for the Court's reference.

A true and correct copy of the July 11, 2016, and July 21, 2016 Cure Notices are attached as **Exhibit K.**

46. In response to the July 11, 2016 and July 21, 2016 Cure Notices, ETD committed, among other things, to ensure that all subcontractors were paid in full for work performed to date, and agreed to provide notice to the US. Government of any disputed amounts that would not be paid to subcontractors along with the rationale for the dispute. A true and correct copy of the response to the July 11, 2016 and July 21, 2016 Cure Notices is attached as **Exhibit L**.

47. ETD has failed to fulfill its commitments in this Cure Notice response. By way of example and without limitation, ETD has failed to repay the joint venture all amounts wrongfully withdrawn, and has failed to cause all subcontractors to be paid for work performed.

48. Other than a check written payable to Clement for $999,204.00 allegedly for "Distributions per JVA", which Clement did not cash but properly deposited back into the joint venture account, ETD has not paid back all of the amounts wrongfully withdrawn from the joint venture accounts.

49. Earl Davis and Tara Davis have improperly used their positions at ETD to make multiple, unauthorized withdrawals from the ETD – TCG, LLC joint venture for their own personal gain, without authorization and in contravention of

the joint venture agreement and applicable law. Upon information and belief, Earl Davis and Tara Davis used the funds that they wrongfully removed from the joint venture to, among other things, provide operating capital for ETD on other, unrelated ETD projects, pay personal taxes, finance a new family home, and purchase an automobile.

50. All conditions precedent have been performed or have occurred prior to filing this lawsuit.

## COUNT I – Breach of Contract

51. The preceding allegations of the Petition are hereby realleged and incorporated herein by reference.

52. A valid contract exists between Clement and ETD in the form of the ETD – TCG, LLC JVA, including all addenda thereto.

53. Clement performed its obligations under the JVA.

54. Defendants' failures, among other things, to institute a two-signature requirement for the joint venture operating account; to properly use the joint venture's operating capital funds to timely pay subcontractors and suppliers per the terms of the JVA; and, to otherwise properly manage the operations of the joint venture are a breach of contract.

55. Defendants' various breaches of contract have damaged Clement. Clement has self-funded operations on the projects covered by the JVA and its addenda without remuneration, as Defendants misappropriated funds that should have been used to fund these operations.

## COUNT II – Breach of Fiduciary Duty

56. The preceding allegations of the Petition are hereby realleged and incorporated herein by reference.

57. As 51% owner and Managing Member of the ETD-TCG, LLC joint venture, ETD corporately and Earl Davis as the President and alter ego of ETD owe Clement a fiduciary duty to properly manage the affairs of the joint venture in accordance with the JVA and its addenda and applicable federal laws and regulations.

58. Defendants breached this fiduciary duty by (a) failing to timely pay subcontractors in accordance with their subcontract agreements; (b) improperly certifying to the U.S. Government that all subcontractors had been paid or would be paid from funds received from the U.S. Government when, in fact, ETD had not caused the joint venture to pay these subcontractors and had no intention of doing so; (c) failing to institute a two-signature requirement for the joint venture operating account as required by law; (d) improperly withdrawing funds from the joint venture

operating account; and, (e) essentially treating the joint venture operating account as ETD's and/or Earl Davis and Tara Davis's personal bank account to be used for Defendants' own purposes.

59. Defendants' breach of fiduciary duty proximately caused injury to Plaintiff and financial benefit to Defendants.

## **COUNT III – Defamation**

60. The preceding allegations of the Petition are hereby realleged and incorporated herein by reference.

61. ETD made multiple false and defamatory statements about Clement in a letter dated May 31, 2016. (**Exhibit H**).

62. Such statements alleged, among other things, that Clement intentionally engaged in a "damaging campaign" to undermine ETD's reputation and business relationships with multiple entities. (*Id.*).

63. ETD intentionally published these statements to representatives of the SBA, the USACE, and the Travelers Companies, among others.

64. ETD's actions have caused harm to Clement's reputation in addition to other damages.

## COUNT IV – Conversion

65. The preceding allegations of the Petition are hereby re-alleged and incorporated herein by reference.

66. By wrongfully withdrawing funds from the joint venture operating account, Defendants assumed and exercised dominion and control over funds to which they were not entitled in an unlawful and unauthorized manner that was inconsistent with the terms of the joint venture agreement.

67. On multiple occasions, Clement demanded that Defendants comply with the JVA and that the joint venture make full payment to subcontractors, suppliers, and vendors for work performed and materials provided under contract with the ETD – TCG, LLC joint venture.

68. Defendants refuse to release the funds that properly belong to the joint venture, and have refused to use joint venture operating funds to properly pay all subcontractors, suppliers, and vendors. Defendants wrongfully continue to withhold these funds, and, upon information and belief, Earl Davis and Tara Davis have used these funds for some personal purpose unrelated to the proper operation of the ETD – TCG, LLC joint venture.

69. Defendants' actions have damaged Clement by causing it to suffer great monetary loss.

## COUNT V – Unjust Enrichment

70. The preceding allegations of the Petition are hereby realleged and incorporated herein by reference.

71. Defendants have been unjustly enriched by retaining portions of the joint venture's assets to which they are not entitled.

72. These wrongfully withheld funds belong to Clement, the joint venture, or both of them.

73. Defendants fraudulently obtained these funds in violation of applicable SBA regulations.

74. Defendants' actions have damaged Clement by causing it to suffer great monetary loss.

## COUNT VI – Fraud

75. The preceding allegations of the Petition are hereby realleged and incorporated herein by reference.

76. ETD represented to Clement that it had opened the joint venture operating account in full compliance with both the governing SBA rules and regulations as well as the July 17, 2014 JVA. Both SBA regulation 13 C.F.R. § 124.520 as well as the July 17, 2014 JVA mandated that the joint venture operating account be established with a two-signature requirement for all cash withdrawals.

77. ETD's representation was material and false. ETD only instituted a one-signature requirement for withdrawing funds.

78. When ETD made this representation to Clement, ETD knew it was false, yet made the representation intentionally, or recklessly, or negligently.

79. ETD made this representation to lull Clement into the false belief that the joint venture's funds would be adequately protected by requiring two signatures, one from Clement and one from ETD, before any withdrawals could be made.

80. Clement relied on this misrepresentation by continuing to bid on and execute additional projects under the ETD –TCG, LLC JVA, believing that any funds earned would be adequately protected.

81. ETD's actions have damaged Clement by causing it to suffer great monetary loss.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff The Clement Group, LLC prays that this pleading be received and filed and that Defendants ETD Services, LLC d/b/a Davitz Group, LLC, E. Earl Davis, II, and Tara Davis be cited to appear and answer, and that Clement be awarded the following relief:

1. Judgment against Defendants for damages in an amount within the jurisdictional limits of the Court, including punitive damages against ETD, Earl Davis, and Tara Davis for their fraudulent conduct;

2. Costs of bringing such action, including interest and attorneys' fees, costs, fees, expenses, and costs of Court; and

3. Such other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

*s/* Ian P. Faria
Ian P. Faria
BRADLEY ARANT BOULT CUMMINGS, LLP
700 Milam Street
Suite 1300
Houston, TX 77002
P: (281) 755-3781
ifaria@bradley.com

ATTORNEY FOR THE CLEMENT GROUP, LLC