# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THE CLEMENT GROUP, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00773 |
| | § | Judge Mazzant |
| ETD SERVICES, LLC d/b/a THE DAVITZ | § | |
| GROUP; E. EARL DAVIS, II; TARA | § | |
| DAVIS, | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Reconsider Summary Judgment and Partial Summary Judgment Findings Based on Enforceability of Subcontracts and Settlement Agreement (Dkt. #94). Having reviewed the relevant pleadings and motions, the Court finds that the motion should be denied.

## BACKGROUND

The United States Small Business Association ("SBA") created a Mentor/Protégé Program ("Mentor Program") to "encourage approved mentors to provide various forms of business development assistance to protégé firms." 13 C.F.R. 124.520. The Clement Group, LLC ("Clement") was a mentor approved by the SBA. On May 3, 2013, Clement agreed to partner with ETD Services, LLC d/b/a/ The Davitz Group ("ETD") as a part of the Mentor Program to bid on federal contracts. On October 16, 2013, Clement and ETD formed the Davitz joint venture and on May 30, 2014, Clement and ETD formed the ETD-TCG joint venture.

On July 17, 2014, Clement and ETD entered into a Joint Venture Agreement ("JVA") to dictate the terms by which the ETD-TCG joint venture would operate in order to bid for a construction contract at Fort Lee, Virginia. The SBA approved the JVA. ETD and Clement

entered into three addenda to the JVA to expand their construction services to more districts. The SBA approved each addenda. According to the terms of the JVA, Earl Davis ("Davis"), the sole member of ETD, would be the project manager, ETD would be the managing member handling the day-to-day operations, and Clement would be the consulting project manager and provide management and technical assistance.

While operating the joint venture, the parties began to encounter problems as detailed in the Court's Order on Clement's motions for summary judgment ("the Court's Order").[1] On February 18, 2016, the parties entered into a settlement agreement to resolve the problems that arose and in order to be able to continue work on their ongoing projects (the "Settlement Agreement"). To ensure the completion of the joint ventures' ongoing projects, the Settlement Agreement stated that Clement would enter into subcontracts ("the Subcontracts") with the joint venture to relieve administrative burden on ETD. In June 2016, Davis and Tara Davis informed the SBA of the Settlement Agreement and the Subcontracts.

The parties continued to encounter problems after entering the Settlement Agreement as detailed in the Court's Order. Based on these problems, on July 5, 2016, Davis terminated the Subcontracts between the ETD-TCG joint venture and Clement, without discussing the termination with Clement. The ETD-TCG joint venture began to default on its commitments to the Government and on July 11, 2016, the U.S. Army Corps of Engineers, asked the ETD-TCG joint venture to cure the default mentioning the Subcontracts, copying the SBA on the Notice to Cure (Dkt. #102, Exhibit 4). Craig Clement sent a letter to Earl Davis attempting to avoid termination due to default and detailing the Subcontracts, which was also sent to the SBA (Dkt. #102, Exhibit 5). According to Clement, Craig Clement had a conference call with the SBA

---

[1] In their Motion for Reconsideration, Defendants do not dispute the facts as set out by the Court.

during which the SBA conveyed that the Subcontracts did not need to be approved by the SBA (Dkt. #102, Exhibit 6). Moreover, Craig Clement, on more than one occasion, emailed several SBA members mentioning the Subcontracts (Dkt. #102, Exhibit 8; Dkt. #102, Exhibit 9). Finally, ETD-TCG joint venture's response to the notice of default included a discussion of a subcontract (Dkt. #102, Exhibit 10). Defendants also acknowledge that the SBA knew of the Settlement Agreement and the Subcontracts (Dkt. #94, Exhibit 3).

Based on this set of facts, Clement sued Defendants ETD, Davis, and Tara Davis on October 7, 2016 asserting causes of action for breach of contract, breach of fiduciary duty, defamation, conversion, unjust enrichment, and fraud (Dkt. #1). Defendants responded to the suit, asserted counterclaims against Clement for breach of contract, breach of fiduciary duty, common law fraud, unjust enrichment, and statutory fraud in violation of the DTPA (Dkt. #8).

On October 10, 2017, Clement filed its motion for summary judgment against Defendants' counterclaims (Dkt. #50). Responses to these motions were due on October 24, 2017. *See* LOCAL RULE CV-7(e).[2] Defendants did not file a response by October 24, 2017 or by the date of the Court's Order. Additionally, on October 11, 2017, Clement filed a motion for partial summary judgment (Dkt. #55). A response to this motion was due on October 25, 2017. *See* LOCAL RULE CV-7(e).[3] Defendants did not file a response by October 25, 2017 or by the date of the Court's Order.

On January 17, 2018, the Court issued the Court's Order granting in part Clement's Motion for Summary Judgment Against Defendants' Counterclaims and granting Clement's Motion for

---

[2] The current version of the Local Rules gives a party responding to a motion for summary judgment twenty-one days to respond; however, the Court used the Local Rules in effect at the time the motion was filed, which gave a party responding to a motion for summary judgment fourteen days to respond.
[3] The current version of the Local Rules gives a party responding to a motion for summary judgment twenty-one days to respond; however, the Court used the Local Rules in effect at the time the motion was filed, which gave a party responding to a motion for summary judgment fourteen days to respond.

Partial Summary Judgment on Clement's Claims (Dkt. #58). Almost six months later, on July 10, 2018, Defendants filed the present Motion for Reconsideration (Dkt. #94). Clement filed its response on July 24, 2018 (Dkt. #102).

**LEGAL STANDARD**

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R.

4

Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

Defendants ask the Court to reconsider its prior rulings on the legality and enforceability of the Subcontracts and Settlement Agreement. Defendants assert that the Subcontracts and Settlement Agreement were required to be approved by the SBA and that they are illegal because they violate the requirements of the Mentor Program. Plaintiff responds that: (1) Defendants' argument is untimely as they did not respond to the dispositive motions; (2) Defendants' argument that the Subcontracts and Settlement Agreement are required to be arbitrated, has already been arbitrated, was rejected in arbitration, and that result is binding in this litigation; and (3) the SBA knew about the Subcontracts and Settlement Agreement and never found a violation of the SBA. Based on the evidence in the record and the arguments submitted by the parties, the Court finds that Court's Order should stand and the motion for reconsideration should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Reconsider Summary Judgment and Partial Summary Judgment Findings Based on Enforceability of Subcontracts and Settlement Agreement (Dkt. #94) is hereby **DENIED**.

**SIGNED** this 10th day of August, 2018.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE